The GLEM COMPANY, Petitioner,

v.

Louie McKINNEY; Director, Office of Workers' Compensation Programs, United States Department of Labor, Respondents.

No. 93–2058.

United States Court of Appeals,
Fourth Circuit.

Argued July 12, 1994.

Decided Aug. 26, 1994.

**ARGUED:** George Daniel Blizzard, II, Shaffer & Shaffer, Madison, WV, for petitioner. Jeffrey Steven Goldberg, U.S. Dept. of Labor, Washington, DC, for respondent Director; Randy Dean Hoover, Beckley, WV, for respondent McKinney. **ON BRIEF:** Thomas S. Williamson, Jr., Sol. of Labor, Donald S. Shire, Associate Sol., Patricia M. Nece, Counsel for appellate litigation, Eileen M. McCarthy, U.S. Dept. of Labor, Washington, DC, for respondent Director.

Before RUSSELL, WIDENER and HALL, Circuit Judges.

Affirmed by published opinion. Judge DONALD RUSSELL wrote the opinion, in which Judge WIDENER and Judge K.K. HALL, joined.

**OPINION**

DONALD RUSSELL, Circuit Judge:

The Glem Company ("Glem") appeals from a decision of the Benefits Review Board affirming the Administrative Law Judge's award of black lung benefits to Louie McKinney, a former employee of Glem. Both the ALJ and the Board concluded that McKinney qualified as a "miner" under the Black Lung Benefits Act. We affirm.

### I.

Glem is an electrical construction company which contracts with coal mine operators and utility companies to build electrical power lines and electrical substations. It is undisputed that for twelve of his nearly twenty years of employment with Glem, McKinney worked on various electrical construction projects in and around coal mines and coal preparation facilities.

As a result of being exposed to coal mine dust while working for Glem, McKinney developed pneumoconiosis. McKinney filed a claim for benefits under the Black Lung Benefits Act (the "Act"), 30 U.S.C. §§ 901–945, in January 1980. Thereafter, the Department of Labor ("DOL") awarded benefits to McKinney and ordered Glem to begin payment. Glem requested a hearing, which was held before Administrative Law Judge McCarthy (the "ALJ"). The ALJ issued a decision and order awarding benefits, which Glem appealed to the Benefits Review Board (the "Board"). The Board affirmed the ALJ's decision. Glem now appeals to this Court.

### II.

■ The sole issue on appeal is whether the ALJ correctly found that McKinney qualified as a "miner" within the meaning of the Act during his employment by Glem as an electrical construction worker. The Act defines the term "miner" as:

any individual who works or has worked in or around a coal mine or coal preparation

facility in the extraction or preparation of coal. Such term also includes an individual who works or has worked in coal mine construction or transportation in or around a coal mine, to the extent such individual was exposed to coal dust as a result of such employment.

30 U.S.C. § 902(d). The DOL's regulation similarly provides:

[A] 'miner' . . . is any person who works or has worked in or around a coal mine or coal preparation facility in the extraction, preparation, or transportation of coal, and any person who works or has worked in coal mine construction or maintenance in or around a coal mine or coal preparation facility.

20 C.F.R. § 725.202(a).

Thus, the plain language of both the statute and the DOL's regulation includes within the class of "miner[s]" coal mine construction workers who work "in or around a coal mine," and who are "exposed to coal dust as a result of such employment." Here, the undisputed facts indicate that during his employment as an electrical construction worker with Glem, McKinney worked "in coal mine construction . . . in or around a coal mine," and was "exposed to coal dust as a result of such employment." We accordingly hold that the ALJ correctly found that McKinney qualified as a miner under the Act's definition.

■ In finding that McKinney qualified as a miner within the meaning of the Act, the ALJ applied the two-step test traditionally applied by this court to make such a determination.[1] Under this two-step test, a claimant must have "worked in or around a coal mine (the situs requirement)" and "must have been employed in the extraction or preparation of coal (the function requirement)." *Director, OWCP v. Consolidation Coal Co.*, 923 F.2d 38, 41 (4th Cir.1991). Applying this test

---

**1.** To this test the ALJ added a third step: that the coal around which McKinney worked was still in the course of being processed. This court usually includes this factor in the function part of the

two-step test. *See, e.g., Director, OWCP v. Consolidation Coal Co.*, 923 F.2d 38, 41–42 (4th Cir.1991).

to McKinney's case, the ALJ found that McKinney met both requirements.

■ Glem contends that the ALJ improperly concluded that the two-step test's function requirement was met. We need not address this contention, however, because we believe that the two-step test should not be applied to cases involving coal mine construction workers. Although, as Glem notes, we have applied the two-step test to cases involving transportation workers[2] who, in addition to construction workers, are also explicitly included in the Act's definition of miner, we think transportation is distinguishable from construction. Transportation fits neatly into the concepts of extracting and preparing coal and thus easily lends itself to analysis under the two-step test. Coal mine construction, on the other hand, involves neither the extraction nor preparation of coal. If, therefore, we apply the two-step test to coal mine construction workers, they would rarely, if ever, qualify as miners under the Act. We do not think this is what Congress intended when it specifically included coal mine construction workers in the Act's definition of miner.

### III.

For the foregoing reasons, the decision of the Board affirming the holding of the ALJ is

*AFFIRMED.*

---

**2.** *See, e.g., Norfolk & W. Ry. Co. v. Roberson,* 918 F.2d 1144 (4th Cir.1990); *Eplion v. Director,* *OWCP,* 794 F.2d 935 (4th Cir.1986).